# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| NATASHA G. JACKSON,<br><br>    Petitioner<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE STATE OF NEVADA,<br><br>    Respondent | Case No.: 2:22-cv-01410-GMN-VCF<br><br>**Order Granting Motion to Dismiss the Petition, Granting Motion to File Exhibit Under Seal, Denying a Certificate of Appealability, and Closing Case**<br><br>(ECF Nos. 15, 17) |

*Pro se* 28 U.S.C. § 2254 habeas corpus petitioner Natasha G. Jackson challenges her conviction, pursuant to a guilty plea, of first-degree murder and robbery, both with use of a deadly weapon. (ECF No. 7.)  She argues that her plea counsel was ineffective in assisting her and that the trial court erred during sentencing, including by relying on speculation and unfounded allegations. (*Id.*)  Respondents move to dismiss the petition as untimely. (ECF No. 17.)  They also argue that certain grounds are unexhausted and/or procedurally defaulted, barred by *Tollet*,[1] and/or conclusory.

---

[1] *Tollet v. Henderson*, 411 U.S. 258 (1973).

As discussed below, the motion is granted, and the petition is dismissed as untimely.

I. **Background & Procedural History**

In September 2017, Jackson pleaded guilty to one count of murder with use of a deadly weapon and one count of robbery with use of a deadly weapon. (Exh. 45.)[2] The charges stemmed from an incident where Jackson and an accomplice knocked on a residence, asked to use the phone, then forced their way inside. While trying to steal the residents' car keys, the accomplice shot the husband and Jackson stabbed him with a screwdriver. Jackson also stabbed and beat the wife. The wife and her three children escaped out of a side window. The husband died of his injuries. (*See* Exh. 47.) The state district court sentenced Jackson to an aggregate sentence of 35 years to life and entered the judgment of conviction on September 13, 2017. (Exh. 45.) Jackson did not file a direct appeal.

Jackson filed a state postconviction habeas corpus petition on February 14, 2020. (Exh. 62.) The state district court denied the petition on its merits. (Exh. 72.) The Nevada Court of Appeals held that the petition was procedurally barred because it was untimely but affirmed the result because Jackson was not entitled to relief. (Exh. 89.)

Jackson dispatched her federal habeas corpus petition for filing about August 30, 2022. (ECF No. 7.) Respondents now move to dismiss the petition as untimely (ECF No. 17.) They argue alternatively that several claims are unexhausted and/or

---

[2] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 17, and are found at ECF Nos. 9-13, 16.

2

procedurally defaulted, barred by *Tollett* and/or conclusory. Jackson did not respond to the motion to dismiss in any way.[3]

## II. Legal Standards & Analysis - Timeliness
## AEDPA Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Where a defendant fails to seek direct review of his judgment of conviction before the state appellate court, the one-year period of limitations begins to run thirty days after the entry of the judgment of conviction. NRAP 4(b)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-150 (2012). Here, the state district court entered the judgment of conviction on November 13, 2017. Jackson did not file a direct appeal, so her judgment of conviction became final 30 days later on December 13, 2017. Thus Jackson's one-year AEDPA statute of limitations began to run on December 14, 2017, the day after her time to seek a direct appeal expired, and, absent tolling, expired on December 14, 2018. 28 U.S.C. § 2244(d)(1)(A).

A properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2). A state petition is not deemed "properly filed" if it is untimely under state procedural rules. *Pace v. DiGuglielmo*, 544 U.S. 408, 412-16 (2005). When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for the purposes of § 2244(d)(2)." *Id*. at 414. Under Nevada state law, a

---

[3] The motion was served on Jackson at her address of record. (*See* ECF No. 17.)

habeas petition must be filed within one year after entry of the judgment of conviction if no appeal is taken. NRS 34.726(1). Jackson filed her state petition on February 14, 2020, more than a year after her AEDPA statute of limitations expired on December 14, 2018. (Exh. 62.) She was already time-barred from filing a federal habeas petition when the Nevada Court of Appeals applied the state procedural rule and held that Jackson's 2020 state postconviction petition was untimely pursuant to NRS 34.726(1). (Exh. 60.) The federal petition, therefore, is dismissed as time-barred.

### III. Motion for Leave to File Exhibts Under Seal

Respondents also filed a motion for leave to file an exhibit under seal. (ECF No. 15). While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598).

Here, respondents ask to file Jackson's presentence investigation report ("PSI") under seal. The PSI is confidential under state law and contains sensitive information such as Jackson's identifiers and social security number. The court concludes that respondents have demonstrated compelling reasons to file the PSI under seal. Accordingly, the motion is granted, and the exhibit will remain under seal.

### IV. Certificate of Appealability

This is a final order adverse to the petitioner. As such, Rule 11 of the Rules Governing Section 2254 Cases requires this court to issue or deny a certificate of appealability (COA). Accordingly, the court has *sua sponte* evaluated the claims within the petition for suitability for the issuance of a COA. *See* 28 U.S.C. § 2253(c); *Turner v. Calderon*, 281 F.3d 851, 864-65 (9th Cir. 2002).

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For procedural rulings, a COA will issue only if reasonable jurists could debate (1) whether the petition states a valid claim of the denial of a constitutional right and (2) whether the court's procedural ruling was correct. *Id*.

Having reviewed its determinations and ruling in concluding that Jackson's petition is untimely, the court finds that the ruling does not meet the *Slack* standard. The court therefore declines to issue a certificate of appealability for its resolution of Jackson's petition.

V. Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **(ECF No. 17) is GRANTED**. The petition **(ECF No. 7) is DISMISSED** as time-barred.

IT IS FURTHER ORDERED that a certificate of appealability will not issue.

IT IS FURTHER ORDERED that respondents' motion for leave to file exhibit under seal **(ECF No. 15) is GRANTED**.

IT IS FURTHER ORDERED that the Clerk of Court enter judgment accordingly and close this case.

Dated: June 23, 2023

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE